IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00149-PAB

SARA LABISHAK,

    Plaintiff,

v.

STATE FARM INSURANCE COMPANIES,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion to Remand [Docket No. 4] filed by plaintiff Sara Labishak. The motion is fully briefed and ripe for deposition.

## I. BACKGROUND

This action arises out of an automobile accident that occurred on October 11, 2009, wherein plaintiff was a passenger in a vehicle driven by Anthony Ramon, an underinsured motorist. On December 20, 2011, plaintiff filed a complaint in the District Court for Douglas County, Colorado [Docket No. 1-1]. In the complaint, plaintiff brought claims against defendant State Farm Insurance Companies ("State Farm") for breach of contract, unjust enrichment, and unreasonable delay or denial of benefits in violation of Colorado's First Party Claimant statute, Colo. Rev. Stat. § 10-3-1116. Docket No. 1-1 at 3, ¶¶ 14-25.

On January 19, 2012, State Farm removed the case to this Court [Docket No. 1], citing federal subject-matter jurisdiction under 28 U.S.C. § 1332. The notice of removal

alleged that State Farm was diverse from plaintiff. Docket No. 1 at 3, ¶¶ 9-11. State Farm also asserted that this case satisfied the amount in controversy because plaintiff's "underinsured motorist limit is $250,000 per person, $500,000 per accident," the District Court cover sheet alleges damages in excess of $100,000, and plaintiff, "through counsel, stated that her last [settlement] demand was $80,000." *Id*. at 2, ¶¶ 5-6.

In the present motion, plaintiff requests that the Court remand the case alleging that State Farm fails to establish the requisite amount in controversy. Docket No. 4 at 3. Plaintiff claims that, because her renewed settlement offer on February 16, 2012 sought only $70,000, the amount in controversy is now below the $75,000 jurisdictional threshold. However, plaintiff does not deny that she made a settlement offer for $80,000 before State Farm's removal of the case. *See* Docket No. 6 at 2 (plaintiff "has made a counter offer at an amount less than the jurisdictional requirement, which was slightly less than its previous offer of $80,000.").

## II.  ANALYSIS

Subject-matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, an amount in controversy in excess of "$75,000, exclusive of interest and costs." The amount in controversy is ordinarily determined by the allegations in the complaint or by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Generally, in a removal case, such as this one, the removing party has the burden of establishing that the jurisdictional prerequisites have been satisfied by a "preponderance of the evidence." *Id.* The Tenth Circuit has also held that the preponderance of the evidence standard

applies to jurisdictional facts and not to the Court's jurisdiction itself. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Thus, in order to assert jurisdictional facts, defendant needs to provide "*facts* that made it *possible* that $75,000 was in play." *Id.* at 955. Once the underlying jurisdictional facts are proven, a defendant is "entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *Id.* at 954. If the amount is uncertain, then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case. *Id.*

State Farm alleges that plaintiff seeks double the amount of her underinsured motorist limit which is $250,000 per person and $500,000 per accident. Docket No. 1 at 2, ¶ 6. Additionally, State Farm claims, and plaintiff does not deny, that plaintiff made an offer of settlement for $80,000 prior to the removal of the case. *Id.* The Court finds that plaintiff's settlement offer for $80,000 constitutes a good faith estimate of the amount in controversy. *See McPhail*, 529 F.3d at 956 (finding that a plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.") (citation omitted). Moreover, plaintiff's settlement offer from February 16, 2012 does not strip the Court of subject-matter jurisdiction because, at the date of removal, the amount in controversy was satisfied. *Martin*, 251 F.3d at 1290; *see also Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir. 1966) (amount in controversy is determined at the time the case is removed to federal court); *Berry v. Maschhoffs, Inc.*, 2011 WL 5188932, at *1 (W.D. Okla. Nov. 1, 2011) (jurisdiction, after a subsequent reduction of the amount at

issue, will be kept by a federal court if at the time of removal the case fell under the court's original jurisdiction).

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Remand [Docket No. 4] is **DENIED**.

DATED June 5, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge